IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AEGIS SECURITY INSURANCE COMPANY,** | : | Civil No. 1:20-CV-0169 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **VERTICON, INC. et al.,** | : | |
| | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

Before the court is Plaintiff Aegis Security Insurance Company's ("Aegis") motion to remand for lack of subject matter jurisdiction. (Doc. 13.) For the reasons set forth below, the motion will be denied.

### I. BACKGROUND

On January 6, 2020, Aegis filed a complaint for confession of judgment against Defendants Verticon, Inc., America's Best Service, Inc., John T. Denny, and Michele A. Denny (collectively, the "Defendants") in the Court of Common Pleas of Dauphin County, Pennsylvania, alleging that they breached the terms of a written agreement. (Doc. 13, ¶ 1.) The same day, a confession of judgment was entered against the Defendants in favor of Aegis in the amount of $662,550.77. (*Id*.) The Defendants then timely removed to this court based on diversity of citizenship. (Doc.

1.) Thereafter, the Defendants filed a motion to strike or open the confessed judgment. (Doc. 9.) That motion has not yet been decided.

On March 5, 2020, Aegis filed a motion to remand to state court for lack of subject matter jurisdiction. (Doc. 13.) The motion has been fully briefed (Docs. 14, 17, 20) and is ripe for review.

## II.    <u>STANDARD OF REVIEW</u>

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that a removed action shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id.* Removing defendants bear the burden of proving the existence of federal jurisdiction. *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995). Courts must "construe removal statutes strictly with all doubts resolved in favor of remand." *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n. 12 (3d Cir. 2003); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992). "As the party asserting jurisdiction, [the defendant] bears the burden of showing that the case is properly before the court at all stages of the litigation." *Pierson v. Source Perrier, S.A.,* 848 F.Supp. 1186, 1188 (E.D.Pa.1994) (citing *Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1044-45 (3d Cir.1993)).

### III. DISCUSSION

Aegis's motion to remand argues that this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, which prohibits lower federal courts from sitting in direct review of state court decisions. According to Aegis, deciding the Defendant's pending motion to strike or open the confessed judgment would require this court to improperly review the merits of that decision. The court has been unable to locate any published opinion on point.

A confession of judgment clause in a contract "permits the creditor or its attorney simply to apply to the court for judgment against the debtor in default without requiring or permitting the debtor or guarantors to respond at that juncture." *Sw. Pa. Reg'l Council, Inc. v. Gentile,* 776 A.2d 276, 279 n. 3 (Pa. Super. Ct. 2001) (quoting *Silverman v. Eastrich Multiple Investor Fund, L.P.,* 51 F.3d 28, 31 (3d Cir. 1995)). Nonetheless, after a confession of judgment, the defendant may petition to open or strike the judgment. *See* Pa. R. Civ. P. No. 2959. "When there is a proceeding to open the judgment . . . the litigation becomes an adversary proceeding in which there is an adjudication upon the merits of the defenses raised." *Riverside Mem'l Mausoleum, Inc. v. Umet Trust,* 581 F.2d 62, 67 (3d Cir. 1978). In the absence of a petition to open or strike the confessed judgment, the procedure by which judgment is confessed in Pennsylvania state courts lacks the

hallmarks of an adversary proceeding. *See Riverside Mem'l Mausoleum,* 581 F.2d at 67; *Newton v. First Union Nat'l Bank,* 316 F.Supp.2d 225, 235 (E.D. Pa. 2004).

For the *Rooker-Feldman* doctrine to apply, four requirements must be met: "(1) the [removing defendant] lost in state court; (2) the [defendant] complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the [defendant] is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 166 (3d Cir. 2010) (internal quotation marks and citations omitted).

Here, the *Rooker-Feldman* does not bar federal subject matter jurisdiction because as the Third Circuit recently held, the doctrine is limited to judgments that are effectively final. *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 460 (3d Cir. 2019); *see also Warren v. Gantman*, 800 F. App'x 86, 87–88 (3d Cir. 2020). The confessed judgment at issue "is not final until the time to challenge it has passed—in this case by the filing of a motion to strike or open within 30 days." *Rait P'ship, L.P. v. Nathan*, No. 10-CV-7146, 2012 WL 488253, at *1 (E.D. Pa. Feb. 14, 2012); *see In re Interest of C.K.*, 535 A.2d 634, 641 (Pa. Super Ct. 1987) ("[A] final judgment entered by default or confession is not entered after both parties have had a full opportunity to present their positions on the issues[.]"). Prior to the entry of a final judgment, which never occurred in this case, a confession of judgment merely

acts as a procedural mechanism that flips the parties' respective burdens. It is therefore not final for purposes of the *Rooker-Feldman* doctrine.

Further, the Defendants' motion to strike or open the confessed judgment does not call on this court to conduct any prohibited review of the state court. The fourth requirement of the *Rooker-Feldman* doctrine centers on whether a party's claims will "require appellate review of state-court decisions by the district court. Prohibited appellate review consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law." *Great W. Mining & Mineral Co.*, 615 F.3d at 169 (internal citations and quotation marks omitted). No adversarial proceedings were ever conducted by the state court in this case, since the confessed judgment was entered immediately upon the filing of the complaint. *See Rait P'ship, L.P.*, 2012 WL 488253, at *1 ("Only when such a motion [to strike or open] has been filed, is the court called on to adjudicate the merits of the complaint in confession of judgment."). Thus, there is no reason to conclude that deciding the Defendants' motion to strike would constitute improper appellate review.

The court's conclusion that *Rooker-Feldman* is inapplicable is reinforced by three points. First, precedent is clear that the doctrine is narrow in scope and "confined to cases of the kind from which the doctrine acquired its name[.]" *Great W. Mining & Mineral Co.*, 615 F.3d at 164 (quoting *Exxon Mobil,* 544 U.S. at 284);

*see also Malhan*, 938 F.3d 455 (remarking that the Supreme Court "has 'warned' lower courts to stop extending the doctrine 'far beyond the contours of the Rooker and Feldman cases'") (quoting *Lance v. Dennis*, 546 U.S. 459, 464 (2006)). For the reasons discussed above, this case is a far cry from those in which a party that lost in state court files an action in federal court seeking a second bite of the apple.

Second, remanding this case would not further the policies of the doctrine, which is concerned with finality and respect for state courts. *See Guarino v. Larsen*, 11 F.3d 1151, 1157 (3d Cir. 1993). Exercising jurisdiction under the circumstances has absolutely no effect on the finality of the confessed judgment since the merits of the Defendants' motion to strike or open the judgment will have to be adjudicated at the trial level one way or another. Nor does exercising jurisdiction exhibit any disrespect for the state court since the state court was never called on to decide the merits of the complaint in the first instance.

Finally, the Third Circuit has recognized a district court's jurisdiction over a confession of judgment action removed from state court. *See Resolution Tr. Corp. v. W.W. Dev. & Mgmt., Inc.*, 73 F.3d 1298, 1308 (3d Cir. 1996).

Accordingly, the *Rooker-Feldman* doctrine does not bar federal subject matter jurisdiction and remand is not necessary.

## IV. **CONCLUSION**

For the reasons outlined above, Aegis's motion to remand will be denied. An appropriate order shall follow.

>                    */s/ Sylvia H. Rambo*
>                    SYLVIA H. RAMBO
>                    United States District Judge

Dated: July 8, 2020